UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRENDA LENCZEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:17CV260-PPS |
| | ) | |
| NANCY BERRYHILL, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Brenda Lenzcewski appeals the denial of disability insurance benefits by the Commissioner of the Social Security Administration. Lenczewski is a 56 year old woman who worked as a press operator in the 1990's, and later as a school aide/dishwasher for the South Bend School Corporation. In October 2013, she filed a claim with Social Security alleging that she became disabled as of June 1, 2011, at age 49. [AR at 141.][1] She later amended the claimed onset date to May 20, 2012. [AR at 168.] Among the conditions she claimed limited her ability to work were lupus, a previous open heart surgery for mitral valve replacement and subdural hematomas. [AR at 173.]

Lenzcewski had a hearing before an administrative law judge on December 4, 2015, at which Lenzcewski appeared with her attorney and gave testimony. [AR at 28-56.] The ALJ issued a written decision denying Lenzcewski's claim for benefits on

---

[1] The administrative record [AR] is found in the court record at docket entry 11, and consists of 1466 pages. I will cite to its pages according to the Social Security Administration's Bates stamp numbers rather than the court's Electronic Case Filing page number.

January 5, 2016.  [AR 11-20.]  The ALJ found that Lenzcewski has severe impairments of systemic lupus erythematosus and discoid lupus, status post mitral valve replacement, seizure disorder and anemia.  [AR at 14.]  The ALJ concluded that Lenzcewski's severe impairments do not conclusively establish disability by meeting or medically equaling the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  [*Id.*]  The ALJ found that Lenzcewski possessed the residual functional capacity to perform medium work, that she was capable of performing jobs that exist in significant numbers in the national economy, and that Lenzcewski is not disabled.  [AR at 15, 19-20.]

Lenzcewski asks me to reverse the ALJ's decision or remand the case for further proceedings by the Social Security Administration.  My review of the ALJ's decision is deferential.  I must affirm it if it is supported by substantial evidence, meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citation omitted).  I cannot reweigh the evidence or substitute my judgment for that of the ALJ.  *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).  But these standards do not mean that I "will simply rubber-stamp the Commissioner's decision without a critical review of the evidence."  *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).  "In rendering a decision, an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but 'must build a logical bridge from the evidence to his conclusion.'"  *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015), quoting *Schmidt v.*

*Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005). Lenzcewski makes two arguments in support of her appeal.

**<u>Issue One: Medical Opinion Evidence</u>**

Lenzcewski first contends that the ALJ erred by giving little weight to the opinion of her treating rheumatologist, Dr. Alan Birnbaum of Arthritis Care of Michiana. The opinion evidence in question takes the form of Dr. Birnbaum's February 10, 2015 Attending Physician Statement completed for Lenczewski's long-term disability insurer. [DE 11 at 1179-1181.] Dr. Birnbaum concluded that within an 8-hour workday, Lenczewski had no tolerance for standing, could sit for 2 hours at a time and walk for 1 hour. [AR at 1179.] In his opinion, Lenczewski could occasionally carry or lift less than 10 pounds but never any greater weight, could not push or pull with her hands or engage in fine manipulation. [AR at 1179, 1180.] The ALJ said Birnbaum's "statements have been given little weight as they were offered in the context of whether Claimant was able to perform her previous part time work as a school aide," and that "nothing in the treatment notes indicate the level of disability that is described on these forms." [AR at 18.]

Under the regulations that apply to claims filed before March 27, 2017, a treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not inconsistent with other substantial evidence in the record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). Lenczewski's briefing is short on substance. Lenczewski merely asserts that "Dr.

3

Birnbaum's opinion is well-supported by the above medical evidence." [DE 17 at 17.] This "above" is a wave of the hand to the brief's earlier 10-page review of the medical evidence. The conclusory assertion that Dr. Birnbaum's opinion is "well-supported" fails to offer any helpful analysis or discussion relating the various elements of the opinion to supporting medical findings. "[U]ndeveloped arguments are waived." *Putnam v. Colvin*, 651 Fed. Appx. 538, 542-43 (7th Cir. 2016) (citing *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013)). To effectively challenge the ALJ's statement that nothing in the medical record supports Dr. Birnbaum's conclusions about her limitations, Lenczewski needed to point to medical records that did in fact support his findings. She does not.

The Commissioner responds by citing treatment notes (cited by the ALJ) reflecting that Lenczewski had no tenderness or swelling in her joints, a normal gait and stance, full range of motion in her fingers with good grip bilaterally, and the ability to lift 40 pounds. [DE 18 at 4; AR at 17.] In her reply, although Lenczewski argues that reliance on these records is "cherry-picking," she again fails to cite any medical records to support her perfunctory argument that there were "many other office visits where she exhibited symptoms of her lupus and other conditions." [DE 19 at 2.] Lenczewski's challenge to the ALJ's rejection of Dr. Birnbaum's opinion is unsupported and unpersuasive, and therefore fails.

**Issue Two: The ALJ's RFC Assessment**

RFC is the disability term for the description of what a claimant is able to do despite functional limitations from medical impairments, and represents the Commissioner's determination of the individual's "capacity to perform work-related physical and mental activities." POMS DI 24510.001(A)(1). Here the ALJ's RFC assessment found that Lenzcewski:

- can lift or carry up to 25 pounds frequently and 50 pounds occasionally;

- can sit, stand and walk 6 hours of an 8-hour work day;

- can't climb ladders ropes or scaffolds; and

- should avoid exposure to hazards including unprotected heights, moving machinery and driving vehicles.

[AR at 15.] After posing this RFC assessment as a hypothetical to the vocational expert, the ALJ ultimately concluded that with these abilities Lenzcewski is capable of performing "medium" work as defined in 20 C.F.R. §§404.1567(c). [*Id.*]

The ALJ's RFC assessment and the hypothetical questions to the VE must include all the limitations that are supported by the record. *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018); *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). Lenczewski's second challenge to the Commissioner's decision argues that the ALJ erred by omitting several limitations from his RFC assessment and hypotheticals to the VE, namely Lenczewski's need to use a walker, a need to avoid cleaning agents due to a persistent rash relating to her lupus, her "need to avoid certain loud environments due to bilateral sensorineural

5

hearing loss," and limitations on handling and fingering. [DE 17 at 19.] A glaring shortcoming of this argument is Lenczewski's failure (as with her first argument) to cite portions of the medical record supporting these additional limitations. For the argument to succeed, Lenczewski should point to medical evidence establishing her need for the walker, the need to avoid cleaning agents, the need to avoid certain environments because of her hearing loss, and limitations on the functions of her hands. She does not.

In opposition to the argument, the Commissioner again cites to the same medical findings that the ALJ relied upon, from Lenczewski's November 22, December 2, and December 10, 2013 return to work evaluations, namely that Lenczewski had a normal gait, a good grip, full range of motion with her elbow and wrist, no swelling of her knees and the ability to lift 40 pounds. [AR at 17, citing AR at 875, 877, 879.] The Commissioner suggests (in a response about as skeletal as Lenczewski's argument) that the fact that the ALJ gave these findings great weight deflects Lenczewski's argument for the additional limitations. [DE 18 at 5.] This is not persuasive either.

The record includes Dr. Birnbaum's prescription for a walker on March 17, 2015. [AR at 1169.] The ALJ acknowledged this in his decision. [AR at 17.] After noting that the walker was prescribed "to improve stability" in view of Lenczewski having reported several falls and that Dr. Birnbaum had also prescribed physical therapy "for gait reconditioning," the ALJ appears to ignore these facts in formulating the RFC and first hypothetical to the VE, instead posing a hypothetical in which the individual can stand for 6 hours in the workday. [AR at 17, 53.] "An ALJ need not address every piece of

evidence, but he must establish a logical connection between the evidence and his conclusion." *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)). No logical connection is made by the ALJ between the evidence of the walker and his conclusion that Lenczewski could stand for 6 hours during a workday.

The medical evidence the Commissioner cites – of a normal gait and stance in November and December 2013 – can't be relied upon in the face of a treating physician's prescription of physical therapy and/or a walker a year later, absent some logical explanation by the ALJ supported by the medical record. But the ALJ offers no explanation, although several of the severe impairments the ALJ found – lupus, seizure disorder, and anemia – could conceivably cause falls that require a walker, limit Lenczewski's ability to stand, and pose other work-related limitations. The ALJ did pose an alternative hypothetical in which the individual could stand only 5 to 10 minutes, consistent with some hearing testimony by Lenczewski. [AR at 54, 51.] The VE found that even an individual with those greater limitations could still perform sedentary work of certain types. [AR at 54.] But I would not affirm the denial of benefits on that basis, without either the ALJ or the VE having addressed the impact, if any, of reliance on a walker for ambulation. Remand is required where "the ALJ excluded important information regarding [the claimant's] ability to work." *Murphy v. Colvin*, 759 F.3d 811, 820 (7th Cir. 2014). An ALJ's failure to include all limitations supported by the medical evidence calls into doubt the VE's assessment of the available jobs and the conclusion

7

that a claimant is not disabled, requiring reversal for further proceedings. *Moreno*, 882 F.3d at 730.

I have a similar concern about the ALJ's consideration of limitations based on serious rashes that are a recurring symptom of Lenczewski's lupus. On September 10, 2014, Dr. Birnbaum opined that Lenczewski could not then work as a cook because cleaning agents would exacerbate the lupus-related full body rash she was experiencing. [AR at 995.] The Commissioner's response does not address Lenczewski's contention about the avoidance of cleaning agents as an ongoing limitation. Lenczewski testified before the ALJ that she continues to experience rashes attributable to her discoid lupus multiple times each year, and that they generally turn into sores for which she is prescribed chemotherapy, which she can't afford. [AR at 37-38.] In March of 2015, Dr. Birnbaum noted that Lenczewski "had a recurrent rash for an extended period of time and that finally quieted itself down." [AR at 1368.] This and other medical records support a conclusion that such rashes are a recurring issue stemming from Lenczewski's lupus, which the ALJ found to be a severe impairment. [*See, e.g.*, AR at 1145.] The record supports consideration of this issue in the RFC, but the ALJ did not address it, and gave no explanation for failing to include it, even though he acknowledged that such sores impacted Lenczewski's ability to work, by preventing her from continuing in her previous work as a school lunch aide. [AR at 17.]

**Conclusion**

An ALJ must build a logical bridge from the evidence to his conclusion. *Brown v. Colvin*, 845 F.3d at 251; *Ghiselli v. Colvin*, 837 F.3d 771, 778 (7th Cir. 2016). The ALJ has not provided a logical explanation linking the evidence of Brenda Lenczewski's history of falls and use of a walker with his conclusion that she is capable of standing 6 hours in an 8 hour workday. Neither has the ALJ adequately explained why his RFC assessment failed to reflect any limitations associated with Lenczewski's history of extensive (even full body) lupus-related rashes and sores. For these reasons, even using the applicable deferential standard of review, I conclude that the ALJ's determinations of Lenczewski's RFC and ability to perform medium work are not supported by relevant evidence such as a reasonable mind might accept as adequate to support his conclusions. *Moore*, 743 F.3d at 1120-21. The Commissioner's final decision denying Lenczewski's application for disability benefits will be reversed and remanded for further consideration.

**ACCORDINGLY:**

The final decision of the Commissioner of Social Security denying plaintiff Brenda Lenczewski's application for Social Security Disability benefits is REVERSED AND REMANDED for further proceedings consistent with this opinion.

The Clerk shall enter judgment in favor of plaintiff and against defendant.

**SO ORDERED**.

ENTERED:  June 12, 2018.

                                              /s/ Philip P. Simon
                                            **PHILIP P. SIMON, JUDGE**